All rise. The score is now in session. Mr. Seated. Ms. Clark, will you call the next case, please? 3-10-6-0-3-0-5 Harry Parker, Jr. Felt and Thomas Pony v. Julius Bonello, M.D. M.O. and released on the removal of Pretorius. Mr. Pony. Thank you, Justice. May it please the Court. Counsel. My name is Thomas Pony of KP Law, LLC, and I represent the petitioner in this matter, Harry Parker, Jr. This case is... This case... May I start this one? The purpose of Chapter 735, Item 735 of the Illinois Civil Code of Procedure, Subsection 5-2-622, has been defined by this Honorable Court as to prevent frivolous medical malpractice lawsuits. This case concerns whether a valid, timely filed attorney affidavit and corresponding physician's report issued by a licensed practicing physician in the same health care parts as the respondent in this case will, whether these documents maintain validity in a refiled case with the same defendant, before the same court, before the same judge, defending against the exact same word-for-word complaint. And we believe that it does. Do all the pleadings from the first case carry over to the second? Well, that's a question that has been addressed. And part of it is underneath the Illinois Supreme Court rule... Subsection E, which directly addresses voluntary dismissals in prior litigation. That rule directly states that... It may speak to a different area, but it directs the court to go back and look at everything that has been entered prior to, you know, in the initially filed case. And this is a case... This is not the same thing, Justice. This is a situation where this case has been... A case where the premise of the case has already been established that it is meritorious. This is not saying the complaint itself has to be answered, but this is the groundwork saying, yeah, you have a valid reason to bring a complaint. If that was true, then there wouldn't be a... If what you just proposed was true, then there wouldn't be the purpose of a court, because they say, well, we don't have the answer. We'll stand on whatever we said before. And clearly that's not the case. Or as far as I can tell, it would not be the case, Your Honor. This is a case where, like I stated, the basis of it is that a valid attorney affidavit, a valid physician's report was issued. It was accepted by the respondent. It was accepted by the court. For 14 months after these documents were submitted to the court, the case continued until it was voluntarily dismissed. The respondent was in possession of all of these. And because of this, we... We humbly request that this Honorable Court find that the Honorable Trial Court abused discretion in dismissing this case with prejudice. And we have four points to explore regarding this. First, good cause was shown that this case had already been certified as meritorious by a physician, and a valid physician report and attorney affidavit were already in the respondent's possession at the time of refiling. There is no question about this. Second, acceptance of the health care report issued by said licensed practicing physician in the same healing arts as the respondent, well, this definitely would not, or even acceptance of the updated health care report would not render the statute meaningless. Third, this Honorable Court already recognizes that documents in cases that are voluntarily dismissed can and do have profound impact upon the refiled case. And fourth, the petitioner here is asking for nothing more than for the Court to stand by the original trial court's holding that this was a meritorious case and not upset that holding. Turning to my first point, this case having been previously certified as meritorious and the respondent having the required health care report and valid attorney affidavit already in their possession at the time of refiling, that would be the definition of good cause. On November 15th of 2004, the respondent performed surgery on a petitioner to remove a polyploid mass from the petitioner's rectum. During the surgery, the petitioner's left uteri was severed, resulting in extensive surgery to be continued. On November 6th of 2006, the petitioner, Eric Proctor Jr., filed a two-count complaint at law alleging negligence in the performance of this surgery. Attached to this original complaint was an attorney affidavit stating that the attorney of record at that time could not obtain consultation with a licensed health care provider before the statute of limitations was to expire. Subsequently, an attorney affidavit of merit and a physician report was filed with the Court on January 26th of 2007. The respondent was served and was in possession of these documents at all times. The respondent never challenged the validity of the filed health care provider's report, and he had ample opportunity to. This original case then continued for over 14 months before being voluntarily dismissed with direct relief to refile on May 30th of 2008. Within the statutory time allowed, the petitioner refiled an identical complaint through a new attorney with the addition of a reference to the original case. Attached to this refiled duplicate complaint was an attorney affidavit stating that the new attorney could not obtain consultation with a licensed health care provider before the statute of limitations were to expire. And this was done in order to ascertain whether or not an attorney affidavit and physician's report were actually filed in the initial case. After verifying that the physician report was unfiled and that the respondent was in possession of these, the petitioner rightly believed that he was in compliance with both the spirit and rules of the 2-622 statute. After the expiration of the 90-day extension, the respondent filed a motion to dismiss on September 11th of 2009, stating that a health care professional's work had never been filed and had never been served in a respondent. At the hearing for the motion to dismiss, the petitioner was granted a 14-day briefing schedule by the trial court to respond to this motion to dismiss. Within this 14-day briefing schedule, the petitioner filed a new attorney affidavit to a new attorney, a verbatim health care report was issued by the same physician who certified the first case, and a response to the motion to dismiss was filed with copies of the original attorney affidavit and the original physician report attached. After several continuances, this motion to dismiss was heard on March 18th of 2010, with the court taking the matter under advisement. During the oral arguments, the respondent grudgingly admitted that, yes, they were in possession of the original physician report. And this is on page 4 of the report of the motion to dismiss. The respondent never challenged the meritoriousness of this claim nor the validity of the original health care provider's report. The trial court then issued a written ruling on March 22nd of 2010 holding that no argument of good cause was given and that denial of the motion to dismiss would render meaningless the statute of limitations in Chapter 735, Section 5-2-622 of the Illinois Code of Civil Procedure. As this honorable court has defined in Cookson v. Price, the purpose of a 2-622 health care report is to prevent the filing of a frivolous medical malpractice claim. And as that a valid health care report had been issued attesting to the validity and meritorious nature of this claim and had been filed in the original case in a timely manner and that the respondent was in possession of this at the time of refinement, the meritorious nature of this action is not in question. The court in Ingold v. Irwin stated that it has to be applied by reviewing the court in whether the trial court took particular facts and unique circumstances of the case into consideration before determining whether the complaint should be dismissed with presence. Now, when the petitioner was challenged about this original health care report, a duplicate, a verbatim copy was obtained from the initial issuing physician. Again, he certified that this was a valid meritorious claim. This also, the physician, by issuing this health care report also certified that nothing had changed in this refiled case from the original. By him issuing a duplicate verbatim statement, he's stating that after looking at everything that had gone on since the initial filing, nothing has changed. Well, even valid meritorious claims, when we've got the rules of court that have to be followed to perfect those claims, it's fair. Yes, Justice. You know, in O'Casey, you know, on the second filing, the plaintiff's hearing though, did file within the 90 days, ultimately in the Supreme Court, so that you did refile within 90 days. The difference between O'Casey and this case is that there was nothing ever filed in the first part of O'Casey. In fact, the petitioner was never able to find any case on record where there was an initial health care provider's report from a valid, licensed, practicing attorney, practicing health care professional in the same healing arts as the defendant. None of them were ever on record. The only thing that ever happened was that there was either fraudulent documents were submitted to the court by people that were not licensed to be a physician, or there was never one ever issued at all. This case is completely different. A valid, timely health care report was issued to the respondent. The respondent was in possession of it at the time of refiling. And again, unlike in O'Casey, where there was no report ever issued originally, that issue is not here. They had one. They had one the entire time. And as I was just stating, that when the petitioner was challenged about this health care report, a verbatim duplicate was obtained from the initial, original health care provider who was still a practicing surgeon in the same health care arts. Counsel, I have a question. You repeatedly refer to good cause during your argument. Good cause comes into play when you ask for an extension of time under Supreme Court Rule 183. There was no request for an extension of time in this case. Is that correct? Correct. Justice? In Crookston, it really stands for the proposition that in certain instances, good faith is so apparent. In Crookston, that certificate was, there was a request for a 90-day extension, and then good faith in filing within the 90 days. And I'm wondering here, it appears to me, maybe good faith doesn't apply because I'm not sure why you requested the extension. Because there was no idea whether or not one was actually ever on file. We had to find out if there were, we had to verify, was one actually ever filed? And just because a case went on does not mean it did not, that it was actually on file. There's numerous instances where cases, in my briefs, in fact, I detailed several of them where they went on for years without ever having a valid, in fact, I think it was... Well, in Crookston, it's really apparent that they were exercising good faith. They just got the certificate from the wrong kind of professional. In this case, it appears to me, maybe somebody just missed the date. Could you speak to that? Well, speaking directly to that issue, they had one in their possession. Why would a new one have to be issued? And the converse of that is, then why would you request the 90-day extension? The only reason being is to verify whether anything was actually ever filed. And you don't think that should have been done before the lawsuit was re-initiated? The time frame to find out... Yes, you could do that before initiating, but you also have the statute of limitations issue running against you. So you have to weigh which one's more valid. In this situation, by asking and obtaining a 90-day leave, you've given yourself room to look for it. And once you find out it's there, there's no reason to issue a second one because they do not expire. It's not like a piece of fruit which is going to rot eventually. There's no inherent termination date on a health care report or on an attorney affidavit. Both of them, once they're valid, they're valid. Was it the same attorney that consulted with the professional on both times? No, it was a new attorney on the second time. Hudson v. Chicago touched directly on that issue. When they went in to find what resident's habit is, in the dissent, Justice Kilbride directly assessed that issue in multiple, multiple ways. The courts have held that it is a new issue. There is no question you get a new case number, you get new things. But to say that nothing else existed beforehand would basically negate anything that had happened beforehand. All discovery would have to be reissued. All testimony would have to be redone. Any depositions that had been provided. Any physical evidence would lose all their validity if there was not any recognition that it occurred beforehand. In fact, in the dissent of Hudson v. Chicago, Justice Kilbride stated that an action refiled pursuant to Illinois Code Civil Procedure 5-13-217 is premised directly on the pre-existing action and that without the predicate case, there could be no way to file it. And as I stated under the idea of the doctrine of res judicata, the Hudson v. Chicago stated that the judgment of the merits of the case by a court of competent jurisdiction bars subsequent actions between the parties not only on what was actually decided, but on what could have been decided. And that in itself says that you're to look back at what was in that case because you couldn't make that judgment call unless you had that case in front of you and you looked through it to see what was there. And that would have happened before initiation of this refiled case because if you're going to bring a claim of res judicata, you'd have to have the case filed there to see. As we've stated, we believe that good cause was shown that the respondent was in possession of the health care report the entire time. They had the accurate, timely attorney affidavit that was issued by the attorney of record at the time of the initial case filing. They had a valid, accurate, timely filed physician health care report from a licensed physician in the same healing arts as the respondent in this case in their possession the entire time. This case, when this was challenged, was instantly going to obtain a duplicate verbatim statement from the initial certifying physician stating that nothing has changed in this case and that his opinion, his medical certainty, is that there was a meritorious standard still in effect. There is nothing that makes a health care provider's report expire. The attorney affidavit by a licensed attorney, it doesn't expire. Further, the courts in Illinois have an extensive history of looking back at what has preceded a case before making judgments, especially on the res judicata, as the Supreme Court has stated in Chicago or Hudson v. Chicago. They tell you that it is instructive that before an issue can even be raised, as in res judicata, you'd have to have the entire file there to see what was raised or what could have been raised. Yes, Your Honor. Thank you, Justice. Thank you very much, Mr. Coney. And Mr. Pretorius? Thank you, Your Honor. May I please support counsel? My name is Merville Pretorius, Jr. I represent Dr. Bonello, Peoria Surgery Group. I am the appellee here. There are certain things that are not an issue. We don't dispute that there was a prior lawsuit. We don't dispute that there was compliance with the statute in question in the prior lawsuit. I don't believe it was ever contested in that case. This is a new lawsuit. We have briefed that in our brief. There are certain things that a court will look to for a prior lawsuit, but not for the substance of the case, not for things that are required in the filing of this lawsuit. The thing that he glosses over is there were two things required in the filing of any lawsuit. One is the health care professional's report. The other that is being glossed over is that attorney's certification to the court, but I believe this is a meritorious claim and that this case can go forward. That is the structure of 2-622. There are two things that are required to be attached to a complaint. To make the complaint ripe, the defendant doesn't even have to respond to it until those two things are filed. In this case, that attorney's affidavit and health care professional's report obtained by this attorney was filed 67 days late, 67 days after the 90 days expired. We are dealing here, I think, counsel attempts to put the focus on the defendant and what we knew and whether we are prejudiced. That is never the focus in a statute of limitations argument. This is a statute of limitations issue. The statute in question is an outgrowth of the statute of limitations. It provides a grace period, a grace period that he triggered actively himself by asking for the 90 days, and then he ignored it. We are dealing here with a deadline and the court's ability to enforce deadlines. The legislature, when they passed 2-622, said that the report and health care professional's letter shall be filed within 90 days. It was not. And I am not suggesting to this court that that 90 days has the same absolute and harsh application as a statute of limitations does. But how do we extend it? We should extend it grudgingly and only on good cause shown, as has been raised here already. Well, actually, we don't get an opportunity to extend it. That request has to be made in the trial. Absolutely. And if I perceive counsel's argument correctly, he's asking us to make a good cause determination here before asking the trial judge to make a good cause determination. That troubles me a bit. Yeah, he may be asking that. He may be asking you to insert your judgment for the trial court. I believe the trial court considered good cause. It's the only way that he can extend that 90-day period. Supreme Court Rule 183 and I believe 2-1007 of the Civil Practice Act kind of intermesh and tell the court when they can extend a deadline or continue a case. And there has to be a preliminary showing of good faith. The plaintiff never made any showing of good faith. The focus in a showing of good faith is why was this not filed on time. A deadline is clearly mandated by the legislature and by the courts, and it was missed and it was ignored for 67 days. And that is the inquiry. Why was this ignored? And there has been no attempt at any showing of good faith. Now, deadlines are harsh. Statute of limitations are harsh. And the example that comes to mind, if you miss by one day with a post-trial motion in filing for an extension, the case is over. Absolutely over. Deadlines work that way. The court is given the ability to extend those deadlines only in the way that is prescribed by the rules. This was never followed in this case. They never asked for it. Now, if they never invoked the court's discretion, which I believe they didn't, then the court followed the statute. The only way to extend a deadline is to exercise discretion as to whether good cause was shown. That was never requested. The deadline was in place. Compliance was 67 days late, any superficial compliance in this case. So I would ask the court to consider what Judge Vespa said in his order. If on this record, this filing is 67 days late, the statute and statute of limitations, 2-622, and the statute of limitations has no meaning. So I would ask the court to affirm the trial court order of dismissal and affirm this case. Thank you. Any questions? All right, Mr. Coney, any? Roberto? I'd like to touch on several points that were just raised. We'll start with the time frame issue. A motion to dismiss was filed on September 11, 2010. The initial hearing for that was on October 27, 2009. That was when we were challenged on whether or not it was valid. A new one was obtained and filed on November 3, 2009 during the 14-day briefing period. Grudgingly is a very strong word to say about how meritorious cases are to be allowed to proceed. This court, this honorable court here, has stated, again in quotes, that 622, the statute does not, it is, this honorable court has established that technical rules should not impair the merits of a claim and that to bar a plaintiff from amending his affidavits and corresponding attorney reports would elevate the plea requirement set forth in section 2-622 to a substantive defense, in contrary to both the spirit and the purpose of the statute. And like I stated before, that's especially true here. But on good cause, what better good cause can there be than somebody already having it in their possession? The question is, are the reports for the court to decide or are you notifying the defendant saying, here, here's our proof? The defendant, or the respondent in this case, had the reports the entire time. There was no question that they had them in their possession the entire time. Again, good cause and good faith could both are the... What's our standard review on deciding whether the trial court's denial of your request to file an amended affidavit? My understanding, especially on this whether or not... I apologize for the fumbling here, Your Honors. My understanding is that the unique circumstances and facts of the case are to be taken into consideration before a case is to be dismissed with prejudice, especially underneath these kind of situations. To be more exact, Ingle versus Irwin stated that the test be applied by the reviewing court as well as the particular facts and unique circumstances of the case are taken into consideration before determining that a complaint should be dismissed with prejudice. Here are the most unique facts. They had a valid, timely, accurate attorney affidavit and valid, accurate, timely physician report in their possession the entire time. So the defendant's got to assume that that's going to be the same affidavit, same physician filed in the second case? There's nothing in the statute that says that they expire. I guess if you argue then that as a matter of law, if you file this affidavit in the first case, take a voluntary dismissal, that there's no need to file one in a refiled case after a voluntary dismissal. If there's no changes in the case, which in this, it is clearly evident in this case by the fact that the same physician who reviewed the first time issued a duplicate report the second time. If nothing has changed, why would something have to be added? Why would something have to be changed? This is the exact same issues. Well, nobody's going to know whether it's changed until the plaintiff tells them whether it's changed. Well, that would be, and again, in this case, it was a verbatim copy of the original complaint. It's the same complaint with the same allegations against the same defendants, with the same plaintiffs, before the same court, in fact, with even the same judge presiding. Nothing has changed here. All right, so to answer my question, but yes, in your position as a matter of law, the first affidavit for the physician, an attorney to carry over, and there's no need to refile it in another case? I really don't know, Justice. Well, it seems to me that's the only way we can get to where you want us to go is to find that. I believe that if the case is not changed at all, and there's nothing in the court, there's no case law anywhere that says that attorney affidavits expire or become bad, or that whether the health care report expires or becomes bad, I don't understand why a new one, especially in a case where everything is exactly the same, would have to be issued. Does that call into question everything that has been issued in the prior case? Does everything have to be redone? He got a re-serve of the defendant? Yes, he did. He was served the first time? Yes, he was. Again, that's notification that there's a complaint. Thank you, Justice Wilson. And thank you both for your attendance today. We'll take this matter under advisement to go through the written disposition and finish it up today. We'll now take a, well, I'm going to say a short recess for now. We'll take a luncheon recess for now. The court is now at recess.